# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLE, | ) |
|     Plaintiff, | ) Civil Action No. 15-104 |
| | ) United States Magistrate Judge |
| v. | ) Cynthia Reed Eddy |
| | ) |
| RICK ENCAPERA, TERRY CHILDS, | ) |
| JUSTIN SCHULTZ and | ) |
| CALIFORNIA BOROUGH | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

## I.  INTRODUCTION

Presently before the Court is Plaintiff's Motion to Amend/Correct Complaint [ECF No. 63]. The motion is fully briefed and ripe for disposition. [ECF Nos. 63, 64, 65, 70]. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## II.  BACKGROUND

Only the factual background pertinent to the disposition of this motion will be outlined here. Plaintiff generally brings this civil rights action against the Defendants for their allegedly unconstitutional conduct while acting on behalf of the California Borough Police Department. Plaintiff seeks to amend his complaint a fourth time to include additional defendants, former Mayor of California Borough, Casey Durdines and current Mayor of California Borough Walter Weld, Jr. (collectively "Borough Mayors") in their official and individual capacities for alleged constitutional violations, and seeks to assert new claims against the original and new defendants.

---

[1]  All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Specifically, Plaintiff seeks to add three new claims against the defendants for allegedly violating his Fourth Amendment rights and seeks to add a violation of the Pennsylvania Constitution related to the search of his tenant's apartment in early 2013, and seeks to add a claim of trespass under Pennsylvania law.

Defendants oppose Plaintiff's motion to add new parties and to amend his complaint. Defendants oppose the addition of the Borough Mayors as defendants and argue that: (1) bringing suit against the Borough Mayors in their official capacities is duplicative of the claims against California Borough; and (2) any claim of individual liability against the current and former mayors is futile because Plaintiff has not alleged personal involvement of these individuals. Likewise, Defendants oppose any amendment to Plaintiff's complaint as futile and argue: (1) any such claim under 42 U.S.C. § 1983 is barred by the applicable statute of limitations; (2) Plaintiff does not have standing to assert a Fourth Amendment violation; (3) there is no private right to monetary damages against Defendants under the Pennsylvania Constitution; and (4) any trespass claim is futile, as Plaintiff has not alleged the exclusive use and possession of the property.

For the following reasons, Plaintiff's motion to add new parties is granted in part and denied in part, and his motion to amend his complaint is granted in part and denied in part.

### III. STANDARD OF REVIEW

*1. Motion to Amend pursuant to Federal Rule of Civil Procedure 15*

Federal Rule of Civil Procedure permits a plaintiff to amend his complaint once as a matter of course within twenty-one days after the service of a responsive pleading, if the pleading is one to which a responsive pleading is required, or twenty-one days after service of a motion pursuant to Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). After this period, a party may only
2

amend his pleading with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15(a) mandates that a court give parties leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend his complaint by leave of court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). However, justice does not require the court to allow amendment where there is undue delay, bad faith or dilatory motive on the part of the movant, the movant has repeatedly failed to cure deficiencies in previously allowed amendments, the opposing party would suffer undue prejudice by amendment, or amending would prove futile. *Id*.

Here, Defendants argue that Plaintiff's amendment would be futile. A proposed amendment is futile and the denial for leave to amend is proper if the amendment is frivolous or advances a claim or defense that is facially legally insufficient. *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 2010); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir.2011)). "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss." *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 771 (E.D. Pa. 2011) (citations omitted). *See also Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *S.K. v. N. Allegheny Sch. Dist.*, No. CV 14-218, 2015 WL 7308671, at *5 (W.D. Pa. Nov. 19, 2015).

2. *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)*

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

## IV. DISCUSSION

As Plaintiff seeks to add new parties and to amend his complaint, each motion will be considered seriatim.

### 1. *Motion to Add Borough Mayors as Defendants*

Plaintiff seeks to hold the Borough Mayors liable for violating his constitutional rights in their official and individual capacities. Because an action pursuant to 42 U.S.C. § 1983 "against a state official in his or her official capacity is not a suit against the official but rather is a suit

against the official's office[,]" and "no different from a suit against the State itself[,]" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citations omitted), Plaintiff's motion to add the Borough Mayors in their official capacities is denied as futile as California Borough, the Borough Mayors' "office," is a defendant in this action.

Suit can be brought against state officials in their individual capacity under Section 1983 where (1) "it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)), or (2) the official "participated in violating the plaintiff's rights, directed others to violate them, or as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *J.M.K.*, 372 F.3d at 586 (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). Here, Plaintiff has not adequately alleged that the Borough Mayors established and maintained a policy, custom, or practice which caused constitutional harm. The plaintiff must allege more than the official had policymaking authority, it must be alleged that the official used that authority to establish a final policy that caused constitutional harm. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 1300, 89 L. Ed. 2d 452 (1986) ("We hold that municipal liability under [Section] 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."). Accordingly, Plaintiff's motion to proceed against the Borough Mayors in their individual capacities on a "policy-maker" theory of liability under Section 1983 is denied. However, the Court finds that

under the motion to dismiss standard, Plaintiff has adequately alleged that the Borough Mayors personally participated in the violation of Plaintiff's constitutional rights by having knowledge of the police officer's conduct and acquiescing in their allegedly unconstitutional conduct against Plaintiff. Plaintiff has alleged that the Borough Mayors attended, or were charged with attending Borough Council meetings where he personally complained of the conduct, and that the conduct continued and intensified after Plaintiff's public complaints. At this stage, we must take Plaintiff's allegations as true, and draw all reasonable inferences therefrom. Accordingly, Plaintiff may amend his complaint to add the Borough Mayors in their individual capacities on a "personal involvement" theory of liability under Section 1983.

    2. *Motion to Amend Complaint*

Plaintiff seeks to amend his complaint to add the following: (1) a violation of the Fourth Amendment; (2) a violation of Article I, Section 8 of the Pennsylvania Constitution; and (3) a Pennsylvania state law claim for trespass. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

Plaintiff's purported Fourth Amendment claim alleges that the Defendant Officers performed a warrantless search of his tenant's apartment on January 26, 2013.[2] The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, gives persons the right "to be secure in their persons, houses, papers, and effects" and protects persons from

---

[2]     Even if the Court found that Plaintiff had standing to assert a Fourth Amendment claim, said claim would likely be barred by the two-year statute of limitations afforded to Section 1983 claims. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The length of the statute of limitations for a [Section] 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The statute of limitations for a [Section] 1983 claim arising in Pennsylvania is two years. 42 Pa. Cons.Stat. § 5524(2)").

"unreasonable [government] searches and seizures." U.S. Const. amend. IV. The benchmark factor in "Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 1811, 90 L. Ed. 2d 210 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., *concurring*)). "A party can challenge the search by a third party only if that party has a reasonable expectation of privacy in the area searched." *Marcavage v. Borough of Lansdowne, Pa.*, 826 F. Supp. 2d 732, 740 (E.D. Pa. 2011), *aff'd*, 493 F. App'x 301 (3d Cir. 2012) (citing *Minnesota v. Olson*, 495 U.S. 91, 95, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990)). Significantly, "a landlord does not have a reasonable expectation of privacy with respect to individual apartments leased to third parties, simply on the basis that the landlord owns the apartments." *Id.* *See also Miller v. Hassigner*, 173 F. App'x 948, 952 (3d Cir. 2006) (landlord had no privacy interest in apartment where it was leased to third parties, did not have access to the apartment and did not keep personal items there). Here, Plaintiff has failed to allege that he has a reasonable expectation of privacy in the apartment searched. He has not claimed that he resided in the apartment or building, kept any effects at the apartment, or otherwise had a fundamental association with the apartment, other than his ownership. Simply, Plaintiff has not adequately alleged a "subjective expectation of privacy" in his tenant's apartment, such that he would have standing to bring a Fourth Amendment claim for the allegedly warrantless search. *Ciraolo*, 476 U.S. at 211. Accordingly, Plaintiff's motion to amend his complaint to add a Fourth Amendment violation is denied as futile.

Next, Plaintiff seeks to add a violation of Article I, Section 8 of the Pennsylvania Constitution against the Defendants.[3] While the Pennsylvania Supreme Court has been silent on

---

[3] Article I, Section 8 of the Pennsylvania Constitution provides:

the matter, the Pennsylvania Commonwealth Court has determined that there is no private cause of action for monetary damages arising from violations of Article I, Section 8 of the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188, 1212-13 (Pa. Commw. Ct. 2006). Numerous courts in this jurisdiction have followed *Jones* and found that there is no private cause of action for alleged violations of Article I, Section 8 of the Pennsylvania Constitution.[4] *See Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 559 (M.D. Pa. 2012) (no private cause of action for violations of Article I, Section 8 of the Pennsylvania Constitution); *Hadesty v. Rush Twp. Police Dep't*, No. CV 3:14-2319, 2016 WL 1039063, at *15 (M.D. Pa. Mar. 15, 2016) (same); *Anderson v. Dauphin Cty. Adult Prob. Office*, No. 1:15-CV-00878, 2016 WL 769278, at *6 (M.D. Pa. Jan. 25, 2016), *report and recommendation adopted*, No. 1:15-CV-878, 2016 WL 759162 (M.D. Pa. Feb. 26, 2016) (same); *Mazzarella v. Brady*, No. CV 14-5654, 2016 WL 75041, at *3 (E.D. Pa. Jan. 7, 2016) (same); *Kobrick v. Stevens*, No. CIV.A. 3:13-2865, 2014 WL 4914186, at *7 (M.D. Pa. Sept. 30, 2014) (same) (collecting cases); *Shiloh v. Does*, No. 4:CV-12-1086, 2013 WL 5297511, at *6 (M.D. Pa. Apr. 19, 2013), *report and recommendation adopted sub nom. Shiloh v. John Does*, No. 4:12-CV-1086, 2013 WL 4761124 (M.D. Pa. May 14, 2013) (same); *Guarrasi v. Cty. of Bucks*, No. CIV.A. 10-1879, 2011 WL

---

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, § 8.

[4] *See also* Defs.' Op. Br. [ECF No. 65] at 12 (collecting additional cases not cited herein).

1226118, at *4 (E.D. Pa. Mar. 29, 2011) (same).[5]

This court finds no reason to deviate from the majority of courts who have declined to acknowledge a private cause of action for an alleged violation of Article I, Section 8 of the Pennsylvania Constitution. Accordingly, Plaintiff's motion to amend his complaint to add this cause of action is denied as futile.

Lastly, Plaintiff moves to amend his complaint to add a claim for trespass under Pennsylvania law for the Borough police department's alleged conduct in entering his tenant's property. Under Pennsylvania law, "a trespass is defined as an unprivileged, intentional intrusion upon land in possession of another." *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 725 (W.D. Pa. 1994) (citing *Kopka v. Bell Telephone Co.*, 371 Pa. 444, 91 A.2d 232, 235 (1952)). "Essential to maintaining such an action is that the complainant in fact have the right to exclusive use and possession of the property at issue." *Ne. Women's Ctr., Inc. v. McMonagle*, 670 F. Supp. 1300, 1311 (E.D. Pa. 1987); *See Kopka*, 91 A.2d at 235. Plaintiff alleges that California Borough police officers effectuated the warrantless search of his tenant's apartment and in doing so, entered the hallways and common areas of Plaintiff's property and caused damage. While the officers may be entitled to immunity for such a claim, no Defendant has raised this defense. *See* 1 Pa. Const. Stat. § 2310; *see also E-Z Parks, Inc. v. Philadelphia Parking Auth.*, 532 A.2d 1272, 1276 (Pa. Commw. Ct. 1987) ("1 Pa.C.S. § 2310 is the

---

[5] This string-cite is for demonstrative purposes and does not exhaust the list of cases in this jurisdiction adopting *Jones*. As this Court has found, every district court in this jurisdiction when faced with whether Article I, Section 8 of the Pennsylvania Constitution creates a private cause of action has adopted *Jones* and has held no private right of action exists. Of most importance, Plaintiff cites to no applicable case which negates this finding, but rather seeks to have this Court apply the law of other states to create the private right he seeks to vindicate. *See* Pl. Reply Br. [ECF No. 70] at 8 (citing *Binette v. Sabo*, 244 Conn. 23, 25, 710 A.2d 688, 689 (1998); *Brown v. State*, 89 N.Y.2d 172, 176, 674 N.E.2d 1129, 1131 (1996)). The Court declines to do so.

legislature's proclamation that sovereign immunity is the constitutional rule."); *Damico v. Harrah's Philadelphia Casino & Racetrack*, No. CV 14-06091, 2016 WL 705231, at *7 (E.D. Pa. Feb. 23, 2016) ("The Pennsylvania General Assembly has affirmed the sovereign immunity of the Commonwealth and its officials and employees, acting within the scope of their employment, except where it has explicitly waived the immunity."). Therefore, Plaintiff's trespass claim for the intrusion and damage to the hallways and common areas of his rental property will be permitted to go forward and Plaintiff may amend his complaint to add such a claim.

## V. CONCLUSION

Based on the foregoing, Plaintiff's motion to add new parties is granted in part and denied. Plaintiff's motion is granted insofar as Plaintiff may amend his complaint to add the Borough Mayors in their individual capacities on a "personal involvement" theory of liability under Section 1983. Plaintiff's motion to add new parties is denied in all other respects.

Furthermore, Plaintiff's motion to amend his complaint is granted in part and denied in part. Plaintiff's motion is granted insofar as he may amend his complaint to include a trespass claim for the alleged intrusion of his rental property. Plaintiff's motion to amend is denied in all other respects.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLE, ) | |
|     Plaintiff, ) | Civil Action No. 15-104 |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| RICK ENCAPERA, TERRY CHILDS, ) | |
| JUSTIN SCHULTZ and ) | |
| CALIFORNIA BOROUGH ) | |
|     Defendant. ) | |

## ORDER

AND NOW, this 14th day of April, 2016, it is HEREBY ORDERED that Plaintiff's Motion to Amend/Correct Complaint [ECF No. 63] is GRANTED IN PART and DENIED IN PART. Plaintiff shall file his Amended Complaint consistent with this Opinion and Order by April 18, 2016.

 

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF