IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JASON COLE, | ) | |
| Plaintiff, | ) ) ) | 2:15-CV-00104-CRE |
| vs. | ) ) | |
| RICK ENCAPERA, TERRY CHILDS, JUSTIN SHULTZ, CALIFORNIA BOROUGH, CASEY DURDINES, WALTER WELDJR., | ) ) ) ) ) ) | |
| Defendants, | ) ) | |

## MEMORANDUM ORDER

AND NOW, this 16th day of November, 2016, after Plaintiff having filed a motion to compel certain discovery responses from Defendant California Borough [ECF No. 108], and Defendant California Borough having submitted its response to said motion [ECF No. 109], said motion is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) <u>Plaintiff's Document Request No. 11:</u> Plaintiff's motion to compel production of "[a]ny video, photo or audio recording that captures Adam Jeremy Logan being assaulted by Shultz at the police station" is **DENIED**, as it is irrelevant to prove any of Plaintiff's constitutional claims under 42 U.S.C. § 1983 as Plaintiff's claims do not involve excessive force allegations. Plaintiff's only claim for municipal liability is for his First Amendment retaliation claim, not for excessive force. The Court also finds that any video, photo or audio recording of this matter is not material to Plaintiff's rebuttal as to why the defendant officers were removed from patrol and terminated.

(2) <u>Plaintiff's Document Request Nos. 14 and 15:</u> Plaintiff's motion to compel production of "[a]ll incident investigation reports from January 1, 2012 through February 20, 2014 which were completed by former California Borough Police Officers Justin Shultz and Terry Childs" is **GRANTED IN PART AND DENIED IN PART**. Defendant need only produce incident investigation reports from January 1, 2012 to February 20, 2014 completed by Officers Shultz and Childs that involve individuals who complained of or reported police misconduct, as it is relevant to prove Plaintiff's claim for municipal liability under *Monell* for establishing a Borough custom of retaliating against citizens for exercising their First Amendment rights. Plaintiff's remaining request is irrelevant and overbroad.

1

Defendant California Borough shall respond to said request by **November 18, 2016 at 12:00 p.m.**

(3) Plaintiff's Document Request Nos. 19, 20, 21: Plaintiff's motion to compel production of "[a]ll registration statements, rental licenses and inspection reports, required by California Borough Code Ordinance 160-3, 160-4, and 160-12, from the years 2014 and 2015" is **DENIED**, as there is no allegation in the complaint regarding the disparate application of Borough Ordinances and any such request is irrelevant to prove the claims in this case.

(4) Plaintiff's Document Request No. 23: Plaintiff's motion to compel production of "[a]ny and all police reports or related documents connected to an incident involving Dana Weld at the Bar on May 30, 2016 and/or June 1, 2016" is **DENIED** as it is not relevant to prove any of Plaintiff's constitutional claims under 42 U.S.C. § 1983. Plaintiff's "harassment" allegations fall under the scope of his Fourteenth Amendment substantive due process claim. There is no allegation that Dana Weld is a government harasser who deprived Plaintiff of any liberty or property interest, and any such evidence is ancillary and irrelevant to the claims in this case. *See Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 486 (M.D. Pa. 2012).

So ordered.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge