IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JASON COLE, | ) | |
| Plaintiff, | ) ) ) | 2:15-CV-00104-CRE |
| vs. | ) ) | |
| RICK ENCAPERA, TERRY CHILDS, JUSTIN SHULTZ, CALIFORNIA BOROUGH, CASEY DURDINES, WALTER WELDJR., | ) ) ) ) ) | |
| Defendants, | ) ) | |

## MEMORANDUM ORDER

AND NOW, this 21st day of November, 2016, after Defendant having filed a motion for protective order [ECF No. 111] and Plaintiff having filed a motion to compel discovery of ESI [ECF No. 113], and a hearing having been held on the matter on November 21, 2016, it is **HEREBY ORDERED** as follows:

(1) Defendant's motion for protective order regarding litigation hold methods and methods used to preserve evidence in connection with the lawsuits filed by Elizabeth Potts, Mike Steve, Jonathan McGee, Bog-Bog Oduho, Dajoun Heidelberg and James Williamson is **GRANTED**, as this request is overbroad, irrelevant and not proportional to the needs of the case. Likewise, the motion has been responded to insofar as litigation hold methods and methods used to preserve evidence in connection with the instant lawsuit and is moot.

(2) Defendant's motion for protective order regarding a document request relating to all email correspondence between and among all council members, Borough police officers, Rick Encapera and/or Walter Weld or Casey Durdines is **GRANTED**, as the request is overbroad and not proportional to the needs of the case.

(3) Defendant's motion for protective order regarding a document request relating to Borough Council meeting minutes in which Jason Cole, Justin Shultz or Terry Childs were discussed is **DENIED**. Defendants shall produce to Plaintiff ALL Borough Council meeting minutes between 2012 and 2014.

(4) Plaintiff's motion to compel discovery of ESI is **GRANTED IN**

1

**PART** as follows. Defendants must submit affidavits stating that they conducted the searches of their computers and email accounts in question consistent with the search protocols and perimeters requested by Plaintiff. The affidavit shall also include whether the search conducted revealed no emails during the applicable time frame. The individual Defendants shall also conduct an additional search of ESI on their individual computer devices (desktop, laptop, backup devices, etc.) and email accounts using Plaintiff's search protocol which was sent to defense counsel on October 25, 2013 as amended as follows:

    a. A time frame of January 1, 2012-December 31, 2014 for all email searches;
    b. The header/subject line and the body/content of the emails must be searched;
    c. Emails shall be searched for the words: "Cole," "Jason Cole," "J Cole's Inn" and "Jason";
    d. Searched of the Defendants' emails shall include emails to and from third parties;
    e. Shirley Evans' emails shall be searched for mention of "Cole," "Jason Cole," "J Cole's Inn" and "Jason."

(5) The parties shall have until December 2, 2016 to conduct this limited discovery. Nothing in this Order shall be construed to stay expert discovery which is scheduled to close January 12, 2017.

(6) The conference scheduled for December 2, 2016 will be conducted as a conference call.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF